IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRA, INC. and | ) | |
| DETROIT INTERNATIONAL | ) | |
| BRIDGE COMPANY, | ) | |
| | ) | |
| Plaintiffs-Counterdefendants | ) | |
| | ) | Case No. 07 C 6312 |
| v. | ) | Judge Hart |
| | ) | Magistrate Judge Schenkier |
| CENTRAL STATES SOUTHEAST | ) | |
| AND SOUTHWEST AREAS | ) | |
| PENSION FUND, | ) | |
| | ) | |
| Defendant-Counterclaimant | ) | |

**CENTRAL STATES' ANSWER TO PLAINTIFFS'
COMPLAINT TO ENFORCE ARBITRATION AWARD
AND COUNTERCLAIM**

**NOW COME** Defendant, Central States, Southeast and Southwest Areas Pension Fund (hereafter the "Fund"), by and through its attorneys and submit this Answer to Plaintiffs' Complaint to Enforce Arbitration Award:

1.  Plaintiffs commence this action to enforce the arbitration Award issued by arbitrator Richard I. Bloch on October 10, 2007. A true and correct copy of the Award is attached hereto as Exhibit A. The Award was issued pursuant to a statutorily mandated arbitration procedure under Title IV of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 -1453.

**ANSWER:** Defendant admits that arbitrator Richard I. Bloch issued his Opinion on October 10, 2007 and admits that a true and correct copy of the Opinion is attached to Plaintiffs' Complaint as Exhibit A (hereinafter referred to as the "Award"). Defendant denies that the Award can be or should be enforced. Defendant admits the remaining allegations of paragraph 1.

2. Jurisdiction is conferred on this Court by Sections 4221(b)(2),(3),and 4301(c) of the ERISA, 29 U.S.C. §§ 1401(b)(2), (3), and 1451(c), by Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and by 28 U.S.C. §§ 1331, 1337.

**ANSWER:** Admitted.

3. Venue is proper in this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), because the Defendant Central States Southeast and Southwest Areas Pension Fund ("the Fund") is administered in this District. Furthermore, by stipulation of June 2005 (Exhibit B hereto), the parties have agreed that the venue of this action to enforce the arbitration Award is this District.

**ANSWER:** Admitted.

4. Plaintiff CenTra, Inc. is a Delaware corporation, doing business in several states, including the State of Illinois. Plaintiff Detroit International Bridge Company ("DIBC") is a Michigan corporation, doing business in the State of Michigan.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegation that CenTra, Inc. does business in Illinois.  Defendant admits

the remaining allegations of paragraph 4.

    5. Plaintiffs are engaged in commerce and their activities affect commerce,

within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

    **ANSWER:** Admitted.

    6. The Fund is a multiemployer pension benefit plan within the meaning of Section

4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3), with its principal office located at 9377 W.

Higgins Road, Rosemont, Illinois 60018-4938.

    **ANSWER:** Admitted.

    7. On June 5,1998, the Fund assessed plaintiffs $14,761,082.66 in withdrawal

liability pursuant to Section 4219(b) of ERISA, 29 U.S.C. § 1399(b). A true copy of this

assessment is attached hereto as Exhibit C. The assessment was denominated by the

Fund as Assessment No. 1388250-WL981053-01.

    **ANSWER:** Admitted.

    8. In accordance with Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and the

Fund's Rules and Regulations Pertaining to Employer Withdrawal Liability attached to the

June 5, 1998 Assessment, plaintiffs paid the amount that the Fund alleged was due in the

Assessment, to the Fund. Plaintiffs also timely requested review of the Assessment

pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and timely initiated arbitration with the Fund pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

**ANSWER:** Admitted.


9. The arbitration of the Assessment was undertaken under the auspices of the American Arbitration Association ("AAA"). The AAA denominated the arbitration as AAA Case No. 51 621 0006899. The AAA also has denominated a related matter as Case No. 51621-00022-01, but that matter was resolved and mooted by the October 10, 2007 arbitration Award noted in paragraph II, below.

**ANSWER:** Defendant admits that the arbitration of the Assessment was undertaken under the auspices of the American Arbitration Association ("AAA"), admits that the AAA denominated the arbitration as AAA Case No. 51 621 0006899, and admits that the AAA has denominated a related matter as Case No. 51621-00022-01.  Defendants deny the remaining allegations of paragraph 9.


10. After several years of full, fair and extensive discovery undertaken by the parties to the arbitration, arbitrator Richard I. Bloch, Esq., the arbitrator selected by the parties and the AAA, conducted an evidentiary hearing between October 9 and October 25, 2006.

**ANSWER:** Defendant admits that the parties conducted discovery and admit that the arbitrator conducted an evidentiary hearing between October 9 and October 25, 2006 and Defendant further states that hearings were also conducted on November 6, 2006.

11. On October 10, 2007, the arbitrator issued his Award, a true copy of which is attached hereto as Exhibit A.

**ANSWER:** Defendant admits that arbitrator Richard I. Bloch issued his Opinion on October 10, 2007 and admit that a copy of the "Award" was attached to Plaintiffs Complaint as Exhibit A.

12. Plaintiffs have the right to petition this Court for enforcement of the October 10, 2007 Award, under Sections 4221(b)(2) and (3) of ERISA, 29 U.S.C. § 1401(b)(2) and (3), and 9 U.S.C. § 9. This action is timely, as it is commenced within 30 days of the issuance of the Award that plaintiffs petition this Court to enforce.

**ANSWER:** Admitted.

13. The Award should be enforced for the reasons stated therein, which reasons are incorporated by reference herein.

**ANSWER:** Defendant denies that the award should be enforced and state that Defendant filed a separate action on November 8, 2007, to vacate or modify the Award which is pending in this Court as Case No. 07 C 6348 (Judge Lefkow).

14. Plaintiffs also are entitled to their costs and expenses incurred in connection with this action, and their reasonable attorney's fees, pursuant to Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

**ANSWER:** Defendant denies that Plaintiffs are entitled to any relief whatsoever and

deny that Plaintiffs are entitled to their costs and expenses incurred in connection with this action, and their reasonable attorney's fees, pursuant to Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

15. Pursuant to Section 4301(g) of ERISA, 29 U.S.C. § 1451(e), plaintiffs served the Pension Benefit Guaranty Corporation with a copy of this Complaint by certified mail addressed as follows: Chief Counsel, Office of the Chief Counsel, Pension Benefit Guaranty Corporation, 1200 K Street, NW., Washington, DC 20005-4026.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.


**WHEREFORE**, Defendant respectfully request that Plaintiffs take no relief under their Complaint and that Plaintiffs' claims be dismissed with prejudice.

## COUNTERCLAIM

Defendant-Counterclaimant Central States, Southeast and Southwest Areas Pension Fund ("Central States" or the "Pension Fund"), states as follows for its Counterclaim against Plaintiffs-Counterdefendants, CenTra, Inc. and the Detroit International Bridge Company:

1.      Central States restates and realleges its responses and allegations contained in Paragraphs 1-15 of its Answer herein.

2.      Central States is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

3.      CenTra, DIBC and all other trades or businesses under common control with

them (the "CenTra Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1303 (b)(1), and the regulations promulgated thereunder.

4.    The CenTra Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

5.    DIBC was subject to one or more collective bargaining agreements, executed between itself and Teamsters Local Union No. 299, under which DIBC was required to make contributions to the Pension Fund on behalf of certain of its employees.  Various other subsidiaries or affiliates of CenTra were also subject to collective bargaining agreements requiring contributions to the Pension Fund.

6.    The Pension Fund determined that on or about November 23, 1997, DIBC permanently ceased to have an obligation to contribute to the Pension Fund.

7.    The Pension Fund determined that after November 23, 1997 no member of the CenTra Controlled Group had an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383.

8.    As a result of this complete withdrawal, the Pension Fund determined that the CenTra Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $14,761,082.66, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

9.    By letter dated June 5, 1998 the Pension Fund sent to the CenTra Controlled Group a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and

1399(b)(1). The notice and attached invoice notified the CenTra Controlled Group that it was required to discharge its liability in monthly payments.

10.    By letter dated September 1, 1998, the CenTra Controlled Group requested, pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), that the Pension Fund review its withdrawal liability determination.

11.    On or about December 22, 1998, the CenTra Controlled Group received the Pension Fund's response to its review request in which the Pension Fund rejected the CenTra Controlled Group's request. The Pension Fund's response to the request for review also asserted that even if the CenTra Controlled Group were not to be found liable under the principal demand and theory of the Pension Fund, it should be liable under an alternative theory pursuant to section 4212(c) of ERISA, 29 U.S.C. § 1392(c), because the CenTra Controlled Group had entered into certain transactions with the evasion or avoidance of withdrawal liability as one of its principal purposes.

12.    The CenTra Controlled Group initiated arbitration concerning this withdrawal liability assessment by filing a demand for arbitration with the American Arbitration Association ("AAA") pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1) (AAA Case No. 51 621 00068 99).

13.    On or about April 28, 2000 the Pension Fund filed a proof of claim in the bankruptcy proceeding of U.S. Truck Company Holdings, Inc. ("U.S. Truck") asserting as a contingent or alternative claim that U.S. Truck Company and its subsidiaries were under common control with CenTra and DIBC within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1383 (b)(1), and the regulations promulgated thereunder, if (as asserted in the

contingent or alternative claim) certain transactions were to be determined to have been entered into with the evasion or avoidance of withdrawal liability as one of their principal purposes pursuant to 29 U.S.C. § 1392(c).  Under this "evade or avoid" contingent or alternative proof of claim, each member of the CenTra Controlled Group and U.S. Truck and its subsidiaries were asserted to be liable, jointly and severally, for $15,534,280.07 in withdrawal liability to the Pension Fund.  (The "Evade or Avoid Alternative Theory and Demand.")

14.    On or before July 27, 2000, the CenTra Controlled Group, including CenTra and DIBC, had actual notice of the contingent or alternative ("evade or avoid") proof of claim filed in the U.S. Truck bankruptcy.  On January 22, 2001, CenTra and DIBC filed an arbitration demand concerning the Evade or Avoid Alternative Theory and Demand by the Pension Fund (AAA No. 51 621 00022 01).  CenTra and DIBC subsequently agreed that this arbitration proceeding should be consolidated with AAA Case No. 51 621 00068 99 referenced in ¶ 17 above.

15.    The arbitration hearing in this matter was held pursuant to the Multi-employer Pension Plan Rules of the AAA before Arbitrator Richard I. Bloch between October 9, 2006 and November 6, 2006.

16.    On October 10, 2007, the Arbitrator issued his Award granting in part and denying in part the CenTra Controlled Group's challenge to the Pension Fund's withdrawal liability assessment against the CenTra Controlled Group.  A copy of the Award is attached hereto as Exhibit A (the "Award").

17.    In the Award, the Arbitrator held that several transactions involving a merger

and limited asset transfers by the CenTra Controlled Group occurring in 1995 and 1996 (the "1995-1996 Transactions") constituted a "change of corporate structure" within the meaning of Section 4218 of ERISA, 29 U.S.C. § 1398, and that these transactions absolved the CenTra Controlled Group of most of its responsibility for the share of the Pension Fund's unfunded vested benefit liability that would otherwise be allocated to the CenTra Controlled Group under ERISA.

18.    The conclusions of law made by the Arbitrator in resolving this issue concerning the legal effect of the 1995-1996 Transactions are erroneous as a matter of law and the Award should be vacated or modified.

19.    To the extent the Arbitrator made any findings of fact in resolving this issue, they are clearly erroneous and not supported by substantial evidence and the Award should be vacated or modified.

20.    In the Award, the Arbitrator also ruled upon the Pension Fund's Evade or Avoid Alternative Theory and Demand.  He rejected that Alternative Theory and Demand and ruled that none of the CenTra Controlled Group's 1995-96 Transactions should be disregarded as "evade or avoid" transactions, pursuant to 29 U.S.C. § 1392(c).

21.    If, as requested herein under the Pension Fund's principal counterclaim, the Court vacates the Award with regard to the issue of the legal effect of the CenTra Controlled Group's 1995-96 Transactions described in ¶ 17 above, and upholds the Pension Fund's assessment against the CenTra Controlled Group in the amount of $14,761,082.66, the Arbitrator's decision to reject the Pension Fund's Evade or Avoid Alternative Theory and Demand will become moot.

22.    However, if it is necessary to reach the issue, the conclusions of law made by the Arbitrator under Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), concerning the Evade or Avoid Alternative Theory and Demand, are erroneous as a matter of law and should be vacated.

23.    In addition, to the extent the Arbitrator made any findings of fact under Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), concerning the Evade or Avoid Alternative Theory and Demand, they are clearly erroneous and not supported by substantial evidence.

24.    In the Award, the Arbitrator found that the Pension Fund properly determined that the CenTra Controlled Group incurred a complete withdrawal from the Pension Fund in 1997.

25.    The findings of fact and conclusions of law made by the Arbitrator in resolving this issue should be upheld.

26.    In the Award, the Arbitrator found that the actuarial assumptions and methods applied by the Pension Fund when computing the amount of the withdrawal liability assessment issued to the CenTra Controlled Group were not unreasonable in the aggregate.

27.    The findings of fact and conclusions of law made by the Arbitrator in resolving this issue should be upheld.

**WHEREFORE**, Defendant-Counterclaimant Central States requests the following relief:

a.    A judgment against the Plaintiffs-Counterdefendants, and on behalf of

Defendant-Counterplaintiff Central States:

i.       vacating or modifying the Award and upholding the Pension Fund's assessment of withdrawal liability against the CenTra Controlled Group in the amount of  $14,761,082.66; or

ii.      in the alternative, vacating or modifying the Award with regard to the Arbitrator's conclusions concerning the Evade or Avoid Alternative Theory and Demand, and upholding the Pension Fund's assessment of withdrawal liability in the amount of $15,534,280.07 under the Evade or Avoid Alternative Theory and Demand, subject to any appropriate set-offs;

iii.     awarding the Pension Fund its attorney's fees and costs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

b.      That this Court retain jurisdiction of this cause pending compliance with its orders; and

c.      For such further or different relief as this Court may deem proper and just.


Respectfully submitted,

 s/ Thomas M. Weithers
Thomas M. Weithers (ARDC #6193004)
Attorney for Defendant Central States,
Southeast and Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
November 28, 2007        847/518-9800, Ext. 3476