IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRA, INC. and <br> DETROIT INTERNATIONAL BRIDGE <br> COMPANY, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs-Counterdefendants, | ) <br> ) | Case No. 07 C 6312 |
| v. | ) <br> ) | Judge Hart <br> Magistrate Judge Schenkier |
| CENTRAL STATES SOUTHEAST AND <br> SOUTHWEST AREAS PENSION FUND, | ) <br> ) <br> ) | |
| Defendant-Counterplaintiff. | ) | |

**ANSWER TO COUNTERCLAIM**

Plaintiffs, CenTra, Inc. and Detroit International Bridge Company (hereinafter "Plaintiffs"), by and through their attorneys and for their answer to the Counterclaim in this action, state as follows:

**PARAGRAPH 1:**

Central States restates and realleges its responses and allegations contained in Paragraphs 1-15 of its Answer herein.

**ANSWER:**

As to paragraphs 1 and 11 of the Answer, Plaintiffs deny that arbitrator Bloch issued an "Opinion" on October 10, 2007, state that he issued an "Award," and deny that the Award cannot be or should not be enforced; indeed, for the reasons stated in the Award and in the pleadings and other papers filed by the Plaintiffs with the Arbitrator during the arbitration proceeding, the Award should enforced. Plaintiffs admit the responses and allegations in paragraphs 2-8, 10 and 12 of the Answer. As to paragraph 9 of the Answer, Plaintiffs admit

its first sentence and deny its second sentence. As to paragraph 13, 14 and 15 of the Answer, Plaintiffs deny their responses and allegations.

### PARAGRAPH 2:

Central States is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

### ANSWER:

Plaintiffs admit the allegations in paragraph 2.

### PARAGRAPH 3:

CenTra, DIBC and all other trades or businesses under common control with them (the "CenTra Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1303 (b)(1), and the regulations promulgated thereunder.

### ANSWER:

Plaintiffs deny the allegations in paragraph 2, except that they admit that Plaintiffs are under common control within the meaning of 29 U.S.C. § 1301 (b)(1), and the regulations promulgated thereunder.

### PARAGRAPH 4:

The CenTra Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

### ANSWER:

Plaintiffs deny the allegations in paragraph 4, except that they admit that the CenTra Controlled Group was the "employer" for purposes of the Award at issue.

### PARAGRAPH 5:

DIBC was subject to one or more collective bargaining agreements, executed between itself and Teamsters Local Union No. 299, under which DIBC was required to make contributions to the Pension Fund on behalf of certain of its employees. Various other subsidiaries or affiliates of CenTra were also subject to collective bargaining agreements requiring contributions to the Pension Fund.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 5, except that they admit that, through January 3, 1998, DIBC was subject to one or more collective bargaining agreements, executed between itself and Teamsters Local Union No. 299, under which DIBC was required to make contributions to the Pension Fund on behalf of certain of its employees, and that, at times prior to 1997, the CenTra Controlled Group included other members subject to collective bargaining agreements requiring contributions to the Pension Fund on behalf of certain employees.

**PARAGRAPH 6:**

The Pension Fund determined that on or about November 23, 1997, DIBC permanently ceased to have an obligation to contribute to the Pension Fund.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 6.

**PARAGRAPH 7:**

The Pension Fund determined that after November 23, 1997 no member of the CenTra Controlled Group had an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 7.

**PARAGRAPH 8:**

As a result of this complete withdrawal, the Pension Fund determined that the CenTra Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $14,761,082.66, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

**ANSWER:**

Plaintiffs deny the stated liability and the allegations in paragraph 8, except that they admit that the Pension Fund assessed withdrawal liability against CenTra and DIBC in an

assessment issued under ERISA Section 4201(b), 29 U.S.C. §1381(b), and that the contents of the assessment speak for themselves.

**PARAGRAPH 9:**

By letter dated June 5, 1998 the Pension Fund sent to the CenTra Controlled Group a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1). The notice and attached invoice notified the CenTra Controlled Group that it was required to discharge its liability in monthly payments.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 9, except that they admit that, by letter dated June 5, 1998 the Pension Fund sent to the CenTra Controlled Group a notice and demand for payment of withdrawal liability issued by the Pension Fund.

**PARAGRAPH 10:**

By letter dated September 1, 1998, the CenTra Controlled Group requested, pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), that the Pension Fund review its withdrawal liability determination.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 10.

**PARAGRAPH 11:**

On or about December 22, 1998, the CenTra Controlled Group received the Pension Fund's response to its review request in which the Pension Fund rejected the CenTra Controlled Group's request. The Pension Fund's response to the request for review also asserted that even if the CenTra Controlled Group were not to be found liable under the principal demand and theory of the Pension Fund, it should be liable under an alternative theory pursuant to section 4212(c) of ERISA, 29 U.S.C. § 1392(c), because the CenTra Controlled Group had entered into certain transactions with the evasion or avoidance of withdrawal liability as one of its principal purposes.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 11, including the allegation that the Pension Fund's assertion under section 4212(c) of ERISA, 29 U.S.C. § 1392(c), was

permissible under ERISA or otherwise.  For the reasons stated in the Award and in the record of the arbitration proceeding, that assertion was substantively and procedurally invalid under ERISA and other applicable law.  Plaintiffs admit only that the Pension Fund sent to the CenTra Controlled Group a response to its request for review on or about December 22, 1998, the contents of which are set forth in that response and speak for themselves.

**PARAGRAPH 12:**

The CenTra Controlled Group initiated arbitration concerning this withdrawal liability assessment by filing a demand for arbitration with the American Arbitration Association ("AAA") pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) (AAA Case No. 51 621 00068 99).

**ANSWER:**

Plaintiffs admit the allegations in paragraph 12.

**PARAGRAPH 13:**

On or about April 28, 2000 the Pension Fund filed a proof of claim in the bankruptcy proceeding of U.S. Truck Company Holdings, Inc. ("U.S. Truck") asserting as a contingent or alternative claim that U.S. Truck Company and its subsidiaries were under common control with CenTra and DIBC within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1383 (b)(1), and the regulations promulgated thereunder, if (as asserted in the contingent or alternative claim) certain transactions were to be determined to have been entered into with the evasion or avoidance of withdrawal liability as one of their principal purposes pursuant to 29 U.S.C. § 1392(c).  Under this "evade or avoid" contingent or alternative proof of claim, each member of the CenTra Controlled Group and U.S. Truck and its subsidiaries were asserted to be liable, jointly and severally, for $15,534,280.07 in withdrawal liability to the Pension Fund.  (The "Evade or Avoid Alternative Theory and Demand.")

**ANSWER:**

Plaintiffs deny the allegations in paragraph 13, including the allegation that 29 U.S.C. § 1383 (b)(1) has anything to do with common control and deny the substance of the assertions made in paragraph 13.  Plaintiffs admit only that, on or about April 28, 2000, the

Pension Fund filed a proof of claim in the U.S. Truck bankruptcy proceeding, the contents of which are set forth in that proof of claim and speak for themselves.

**PARAGRAPH 14:**

On or before July 27, 2000, the CenTra Controlled Group, including CenTra and DIBC, had actual notice of the contingent or alternative ("evade or avoid") proof of claim filed in the U.S. Truck bankruptcy. On January 22, 2001, CenTra and DIBC filed an arbitration demand concerning the Evade or Avoid Alternative Theory and Demand by the Pension Fund (AAA No. 51 621 00022 01). CenTra and DIBC subsequently agreed that this arbitration proceeding should be consolidated with AAA Case No. 51 621 00068 99 referenced in ¶ 17 above.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 14, including that the proof of claim was a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1), and that Plaintiffs agreed that the two noted arbitration proceedings should be consolidated at the time of the commencement of, during, or after the October 2006 hearing before Arbitrator Bloch. Plaintiffs admit only that on or before July 27, 2000, the CenTra Controlled Group had notice of the Pension Fund proof of claim filed in the U.S. Truck bankruptcy proceeding, and that on January 22, 2001, CenTra and DIBC filed an arbitration demand denominated AAA No. 51 621 00022 01, the contents of which documents are set forth in those documents and speak for themselves.

**PARAGRAPH 15:**

The arbitration hearing in this matter was held pursuant to the Multi-employer Pension Plan Rules of the AAA before Arbitrator Richard I. Bloch between October 9, 2006 and November 6, 2006.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 15, and state that the Federal Rules of Evidence, PBGC rules, and Pension Fund rules also governed the proceeding.

**PARAGRAPH 16:**

On October 10, 2007, the Arbitrator issued his Award granting in part and denying in part the CenTra Controlled Group's challenge to the Pension Fund's withdrawal liability assessment against the CenTra Controlled Group. A copy of the Award is attached hereto as Exhibit A (the "Award").

**ANSWER:**

Plaintiffs admit the allegations in paragraph 16.

**PARAGRAPH 17:**

In the Award, the Arbitrator held that several transactions involving a merger and limited asset transfers by the CenTra Controlled Group occurring in 1995 and 1996 (the "1995-1996 Transactions") constituted a "change of corporate structure" within the meaning of Section 4218 of ERISA, 29 U.S.C. § 1398, and that these transactions absolved the CenTra Controlled Group of most of its responsibility for the share of the Pension Fund's unfunded vested benefit liability that would otherwise be allocated to the CenTra Controlled Group under ERISA.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 17, except that they admit that the Arbitrator held in his Award that transactions occurring in 1995 and 1996 were changes in corporate structure within the meaning of Section 4218 of ERISA, 29 U.S.C. § 1398.

**PARAGRAPH 18:**

The conclusions of law made by the Arbitrator in resolving this issue concerning the legal effect of the 1995-1996 Transactions are erroneous as a matter of law and the Award should be vacated or modified.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 18.

**PARAGRAPH 19:**

To the extent the Arbitrator made any findings of fact in resolving this issue, they are clearly erroneous and not supported by substantial evidence and the Award should be vacated or modified.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 19.

**PARAGRAPH 20:**

In the Award, the Arbitrator also ruled upon the Pension Fund's Evade or Avoid Alternative Theory and Demand. He rejected that Alternative Theory and Demand and ruled that none of the CenTra Controlled Group's 1995-96 Transactions should be disregarded as "evade or avoid" transactions, pursuant to 29 U.S.C. § 1392(c).

**ANSWER:**

Plaintiffs admit the allegations in paragraph 20.

**PARAGRAPH 21:**

If, as requested herein under the Pension Fund's principal counterclaim, the Court vacates the Award with regard to the issue of the legal effect of the CenTra Controlled Group's 1995-96 Transactions described in ¶ 17 above, and upholds the Pension Fund's assessment against the CenTra Controlled Group in the amount of $14,761,082.66, the Arbitrator's decision to reject the Pension Fund's Evade or Avoid Alternative Theory and Demand will become moot.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 21.

**PARAGRAPH 22:**

However, if it is necessary to reach the issue, the conclusions of law made by the Arbitrator under Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), concerning the Evade or Avoid Alternative Theory and Demand, are erroneous as a matter of law and should be vacated.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 22.

**PARAGRAPH 23:**

In addition, to the extent the Arbitrator made any findings of fact under Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), concerning the Evade or Avoid Alternative Theory and Demand, they are clearly erroneous and not supported by substantial evidence.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 23.

**PARAGRAPH 24:**

In the Award, the Arbitrator found that the Pension Fund properly determined that the CenTra Controlled Group incurred a complete withdrawal from the Pension Fund in 1997.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 24.

**PARAGRAPH 25:**

The findings of fact and conclusions of law made by the Arbitrator in resolving this issue should be upheld.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 25.

**PARAGRAPH 26:**

In the Award, the Arbitrator found that the actuarial assumptions and methods applied by the Pension Fund when computing the amount of the withdrawal liability assessment issued to the CenTra Controlled Group were not unreasonable in the aggregate.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 26.

**PARAGRAPH 27:**

The findings of fact and conclusions of law made by the Arbitrator in resolving this issue should be upheld.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 27, except that they admit that the findings of the Arbitrator as to the asset valuation issue are not being challenged by Plaintiffs in this action and for that reason should be upheld.

**AFFIRMATIVE DEFENSE**

The Counterclaim is barred by Arbitration and Award, namely the October 10, 2007 Award of Arbitrator Bloch.

Respectfully submitted,

CENTRA, INC. and DETROIT
INTERNATIONAL BRIDGE COMPANY


By:      /s/      Mark Casciari
         One of their Attorneys

| | |
|---|---|
| Mark Casciari | Richard K. Willard |
| Ronald J. Kramer | Edward R. Mackiewicz |
| Colin M. Connor | Eric G. Serron |
| SEYFARTH SHAW LLP | Patrick S. Menasco |
| 131 South Dearborn Street | STEPTOE & JOHNSON LLP |
| Suite 2400 | 1330 Connecticut Avenue, NW |
| Chicago, Illinois  60603-5577 | Washington, DC  20036 |
| (312) 460-5000 | 202-429-3000 |

December 21, 2007

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he electronically filed the foregoing ANSWER TO COUNTERCLAIM with the clerk of the Court using the CM/ECF system, on this 21st day of December, 2007, which will send notification of such filing to the following counsel of record:

>James P. Condon
>Thomas M. Weithers
>Central States Southeast and Southwest Areas Pension Fund
>9377 West Higgins Road
>Rosemont, Illinois  60018-4938

>/s/     Mark Casciari
>Mark Casciari

CH1 11367538.3