# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRA, INC. and<br>DETROIT INTERNATIONAL<br>BRIDGE COMPANY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CENTRAL STATES SOUTHEAST<br>AND SOUTHWEST AREAS PENSION<br>FUND,<br><br>　　　　Defendant. | Case Nos. 07 CV 6312<br><br>Judge William T. Hart<br><br>Magistrate Judge Schenkier |

## AMENDED COMPLAINT TO ENFORCE ARBITRATION AWARD

Plaintiffs, CENTRA, INC. and DETROIT INTERNATIONAL BRIDGE COMPANY, for its amended complaint against CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND ("the Fund"), state as follows:

### NATURE OF ACTION

1.　　Plaintiffs commence this action to enforce both the arbitration Award issued by arbitrator Richard I. Bloch on October 10, 2007 (the "Initial Award") and the Supplementary Decision and Award dated February 12, 2008 (the "Supplementary Award"). A true and correct copy of the Initial Award is attached hereto as Exhibit A. A true and correct copy of the Supplementary Award is attached hereto as Exhibit B. Both the Initial Award and the Supplementary Award were issued pursuant to a statutorily mandated arbitration procedure under Title IV of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"),

29 U.S.C. §§ 1381 – 1453.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by Sections 4221(b)(2), (3), and 4301(c) of the ERISA, 29 U.S.C. §§ 1401(b)(2), (3), and 1451(c), by Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and by 28 U.S.C. §§ 1331, 1337.

3. Venue is proper in this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), because the defendant Central States Southeast and Southwest Areas Pension Fund ("the Fund") is administered in this District. Furthermore, by stipulation of June 2005 (Exhibit C hereto), the parties have agreed that the venue of this action to enforce the arbitration award is this District.

## PLAINTIFFS

4. Plaintiff CenTra, Inc. is a Delaware corporation, doing business in several states, including the State of Illinois. Plaintiff Detroit International Bridge Company ("DIBC") is a Michigan corporation, doing business in the State of Michigan.

5. Plaintiffs are engaged in commerce and their activities affect commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

## DEFENDANT

6. The Fund is a multiemployer pension benefit plan within the meaning of Section 4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3), with its principal office located at 9377 W. Higgins Road, Rosemont, Illinois 60018-4938.

## FACTS

7. On June 5, 1998, the Fund assessed Plaintiffs $14,761,082.66 in withdrawal liability pursuant to Section 4219(b) of ERISA, 29 U.S.C. § 1399(b). A true copy of this

assessment is attached hereto as Exhibit D. The assessment was denominated by the Fund as Assessment No. 1388250-WL981053-01.

8. In accordance with Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and the Fund's Rules and Regulations Pertaining to Employer Withdrawal Liability attached to the June 5, 1998 Assessment, Plaintiffs paid the amount that the Fund alleged was due in the Assessment, to the Fund. Plaintiffs also timely requested review of the Assessment pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and timely initiated arbitration with the Fund pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

9. The arbitration of the Assessment was undertaken under the auspices of the American Arbitration Association ("AAA"). The AAA denominated the arbitration as AAA Case No. 51 621 00068 99. The AAA also has denominated a related matter as Case No. 51-621-00022-01, but that matter was resolved and mooted by the October 10, 2007 arbitration Award noted in paragraph 11, below.

10. After several years of full, fair and extensive discovery undertaken by the parties to the arbitration, arbitrator Richard I. Bloch, Esq., the arbitrator selected by the parties and the AAA, conducted an evidentiary hearing between October 9 and October 25, 2006.

11. On October 10, 2007, the arbitrator issued his Initial Award, a true copy of which is attached hereto as Exhibit A.

12. On February 12, 2008, the arbitrator issued his Supplementary Award, which addressed unresolved issues, including the amount of interest Defendant owed Plaintiffs, a true copy of which is attached hereto as Exhibit C.

## CLAIM UPON WHICH RELIEF MAY BE GRANTED AND PRAYER FOR RELIEF

13. Plaintiffs have the right to petition this Court for enforcement of the Initial Award and the Supplementary Award, under Sections 4221(b)(2) and (3) ERISA, 29 U.S.C. § 1401(b)(2) and (3), and 9 U.S.C. § 9. This action is timely, as it was commenced within 30 days of the issuance of the Initial Award that Plaintiffs petition this Court to enforce, and as the Amended Complaint is being filed within 30 days of the issuance of the Supplementary Award.

14. The Initial Award and the Supplementary Award should be enforced for the reasons stated therein, which reasons are incorporated by reference herein.

15. Plaintiffs also are entitled to their costs and expenses incurred in connection with this action, and their reasonable attorney's fees, pursuant to Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

16. Pursuant to Section 4301(g) of ERISA, 29 U.S.C. § 1451(e), Plaintiffs served the Pension Benefit Guaranty Corporation with a copy of this Complaint by certified mail addressed as follows: Chief Counsel, Office of the Chief Counsel, Pension Benefit Guaranty Corporation, 1200 K Street, NW., Washington, DC 20005-4026.

WHEREFORE, Plaintiffs request that this Court enter an Order enforcing both the Initial Award issued on October 10, 2007 and the Supplementary Award issued on February 12, 2008, attached hereto as Exhibits A and B, and enter judgment in favor of Plaintiffs, in the amount of $14,020,007, plus interest and double interest in an amount to be determined by the Court, and order the Defendant to pay to Plaintiffs its costs, expenses, and reasonable attorneys' fees incurred in connection with this action.

**DATED: March 7, 2008**                Respectfully submitted,

CENTRA, INC. and
DETROIT INTERNATIONAL BRIDGE COMPANY

By  /s/          Mark Casciari
    One of Their Attorneys

Mark Casciari
Ronald J. Kramer
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, IL  60603-5577
312-460-5000

Richard K. Willard
Edward R. Mackiewicz
Eric G. Serron
Patrick S. Menasco
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
202-429-3000

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I electronically filed the foregoing AMENDED COMPLAINT TO ENFORCE ARBITRATION AWARD with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of that filing to the following:

>   Thomas M. Weithers
>   James P. Condon
>   Central States, Southeast and
>       Southwest Areas Pension Fund
>   10th Floor
>   9377 W. Higgins Road
>   Rosemont, IL 60018-5123
>
>   Richard Lee Fenton
>   Frank P. VanderPloeg
>   Geoffrey J. Repo
>   Sonnenschein, Nath & Rosenthal, LLP
>   233 South Wacker Drive
>   Sears Tower
>   Chicago, IL 60606

/s/    Mark Casciari

# EXHIBIT 2

## STIPULATION

Whereas on October 10, 2007 Arbitrator Richard Bloch issued his Initial Award in the matter captioned: *In the Matter of the Arbitration Between: CenTra, Inc. and Detroit International Bridge Company, Petitioners, and Central States Southeast and Southwest Areas Pension Fund, Respondent*, American Arbitration Association Case No. 51 621 00068 99; and

Whereas on February 12, 2008 Arbitrator Bloch issued his Supplementary Award in the matter captioned: *In the Matter of the Arbitration Between: CenTra, Inc. and Detroit International Bridge Company, Petitioners, and Central States Southeast and Southwest Areas Pension Fund, Respondent*, American Arbitration Association Case No. 51 621 00068 99.

The parties hereby stipulate as follows:

1. Pursuant to Fed.R.Civ.P. 15(a), Defendant consents that Plaintiffs may file an Amended Complaint, which may assert any claims (and arguments) relating to the interest issues placed before the Arbitrator and noted in the Supplementary Award.

2. Pursuant to Fed.R.Civ.P. 15(a), Plaintiffs consent that Defendant may file an Amended Counterclaim, which may assert any claims (and arguments) relating to the interest issues placed before the Arbitrator and noted in the Supplementary Award.

3. The parties jointly and severally stipulate that Plaintiffs' Amended Complaint and Defendant's Amended Counterclaim shall deemed timely filed in compliance with 29 U.S.C. § 1401(b)(2) with respect to both the Award and the Supplementary Award. The parties further stipulate that no party will raise any timeliness issues as to Plaintiffs' Amended Complaint and Defendant's Amended Counterclaim.

| | |
|---|---|
| Central States Southeast and Southwest Areas Pension Fund | CenTra, Inc. and Detroit International Bridge Company |
| *(signature)* | *(signature)* |
| James P. Condon<br>Central States, Southeast and Southwest Areas Pension Fund<br>9377 West Higgins Road<br>Rosemont, IL 60048-4938<br>847/518-9800 | Mark Casciari<br>Seyfarth Shaw LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, Illinois 60603-5577<br>312/460-5000 |
| One of the attorneys for the Defendant | One of the attorneys for the Plaintiffs |
| March 7, 2008 | March 7, 2008 |