IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRA, INC. and DETROIT INTERNATIONAL BRIDGE COMPANY, | ) ) ) ) | |
| Plaintiffs-Counterdefendants | ) ) | |
| v. | ) ) | Case No. 07 C 6312 Judge Hart Magistrate Judge Schenkier |
| CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, | ) ) ) ) | |
| Defendant-Counterclaimant | ) | |

**CENTRAL STATES' ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT TO ENFORCE ARBITRATION AWARD
AND AMENDED COUNTERCLAIM**

**NOW COME** Defendant, Central States, Southeast and Southwest Areas Pension Fund (hereafter the "Fund"), by and through its attorneys and submit this Answer to Plaintiffs' Amended Complaint to Enforce Arbitration Award and Amended Counterclaim:

1.  Plaintiffs commence this action to enforce both the arbitration Award issued by arbitrator Richard I. Bloch on October 10, 2007 (the "Initial Award") and the Supplementary Decision and Award dated February 12, 2008 (the "Supplementary Award"). A true and correct copy of the Initial Award is attached hereto as Exhibit A. A true and correct copy of the Supplementary Award is attached hereto as Exhibit B. Both the Initial Award and the Supplementary Award were issued pursuant to a statutorily mandated arbitration procedure

-1-

under Title IV of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 -1453.

**ANSWER:** Defendant admits that arbitrator Richard I. Bloch issued his Opinion on October 10, 2007 and admits that a true and correct copy of the Opinion is attached to Plaintiffs' Complaint as Exhibit A (hereinafter referred to as the "Opinion and Award"). Defendant admits that arbitrator Richard I. Bloch issued his Supplementary Decision on February 12, 2008 and admits that a true and correct copy of the Opinion is attached to Plaintiffs' Complaint as Exhibit B (hereinafter referred to as the "Supplementary Decision"). Defendant denies that the Award or Supplementary Decision can be or should be enforced. Defendant admits the remaining allegations of paragraph 1.

2. Jurisdiction is conferred on this Court by Sections 4221(b)(2),(3),and 4301(c) of the ERISA, 29 U.S.C. §§ 1401(b)(2), (3), and 1451(c), by Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and by 28 U.S.C. §§ 1331, 1337.

**ANSWER:** Admitted.

3. Venue is proper in this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), because the Defendant Central States Southeast and Southwest Areas Pension Fund ("the Fund") is administered in this District. Furthermore, by stipulation of June 2005 (Exhibit C hereto), the parties have agreed that the venue of this action to enforce the arbitration Award is this District.

F:255791 / 07420036 / 3/12/08

**ANSWER:** Admitted.


4. Plaintiff CenTra, Inc. is a Delaware corporation, doing business in several states, including the State of Illinois. Plaintiff Detroit International Bridge Company ("DIBC") is a Michigan corporation, doing business in the State of Michigan.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that CenTra, Inc. does business in Illinois.  Defendant admits the remaining allegations of paragraph 4.


5. Plaintiffs are engaged in commerce and their activities affect commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

**ANSWER:** Admitted.


6. The Fund is a multiemployer pension benefit plan within the meaning of Section 4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3), with its principal office located at 9377 W. Higgins Road, Rosemont, Illinois 60018-4938.

**ANSWER:** Admitted.


7. On June 5,1998, the Fund assessed plaintiffs $14,761,082.66 in withdrawal liability pursuant to Section 4219(b) of ERISA, 29 U.S.C. § 1399(b). A true copy of this assessment is attached hereto as Exhibit D. The assessment was denominated by the Fund as Assessment No. 1388250-WL981053-01.

**ANSWER:** Admitted.


8. In accordance with Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and the Fund's Rules and Regulations Pertaining to Employer Withdrawal Liability attached to the June 5, 1998 Assessment, plaintiffs paid the amount that the Fund alleged was due in the Assessment, to the Fund. Plaintiffs also timely requested review of the Assessment pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and timely initiated arbitration with the Fund pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

**ANSWER:** Admitted.


9. The arbitration of the Assessment was undertaken under the auspices of the American Arbitration Association ("AAA"). The AAA denominated the arbitration as AAA Case No. 51 621 0006899. The AAA also has denominated a related matter as Case No. 51621-00022-01, but that matter was resolved and mooted by the October 10, 2007 arbitration Award noted in paragraph II, below.

**ANSWER:** Defendant admits that the arbitration of the Assessment was undertaken under the auspices of the American Arbitration Association ("AAA"), admits that the AAA denominated the arbitration as AAA Case No. 51 621 0006899, and admits that the AAA has denominated a related matter as Case No. 51621-00022-01. Defendants deny the remaining allegations of paragraph 9.


10. After several years of full, fair and extensive discovery undertaken by the parties

to the arbitration, arbitrator Richard I. Bloch, Esq., the arbitrator selected by the parties and

the AAA, conducted an evidentiary hearing between October 9 and October 25, 2006.

    **ANSWER:** Defendant admits that the parties conducted discovery and admit that

the arbitrator conducted an evidentiary hearing between October 9 and October 25, 2006

and Defendant further states that hearings were also conducted on November 6, 2006.


    11. On October 10, 2007, the arbitrator issued his Initial Award, a true copy of which

is attached hereto as Exhibit A.

    **ANSWER:** Defendant admits that arbitrator Richard I. Bloch issued his Opinion and

Award on October 10, 2007 and admit that a copy of the "Award" was attached to Plaintiffs

Complaint as Exhibit A.


    12. On February 12, 2008, the arbitrator issued his Supplementary Award, which

addressed unresolved issues, including the amount of interest Defendant owed Plaintiffs,

a copy of which is attached hereto as Exhibit C.

    **ANSWER:** Defendant admits that arbitrator Richard I. Bloch issued his

Supplementary Decision on February 12, 2008 and admit that a copy of the "Award" was

attached to Plaintiffs Complaint as Exhibit B.


    13. Plaintiffs have the right to petition this Court for enforcement of the Initial Award

and the Supplementary Award, under Sections 4221(b)(2) and (3) of ERISA, 29 U.S.C. §

1401(b)(2) and (3), and 9 U.S.C. § 9. This action is timely, as it is commenced within 30

days of the issuance of the Initial Award that plaintiffs petition this Court to enforce, and as the Amended Complaint if being filed within 30 days of the issuance of the Supplementary Award.

**ANSWER:** Admitted.

14. The Initial Award and Supplementary Award should be enforced for the reasons stated therein, which reasons are incorporated by reference herein.

**ANSWER:** Defendant denies that the Initial Award and Supplementary Award should be enforced.

15. Plaintiffs also are entitled to their costs and expenses incurred in connection with this action, and their reasonable attorney's fees, pursuant to Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

**ANSWER:** Defendant denies that Plaintiffs are entitled to any relief whatsoever and deny that Plaintiffs are entitled to their costs and expenses incurred in connection with this action, and their reasonable attorney's fees, pursuant to Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

16. Pursuant to Section 4301(g) of ERISA, 29 U.S.C. § 1451(e), plaintiffs served the Pension Benefit Guaranty Corporation with a copy of this Complaint by certified mail addressed as follows: Chief Counsel, Office of the Chief Counsel, Pension Benefit Guaranty Corporation, 1200 K Street, NW., Washington, DC 20005-4026.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

**WHEREFORE**, Defendant respectfully request that Plaintiffs take no relief under their Amended Complaint and that Plaintiffs' claims be dismissed with prejudice.

## AMENDED COUNTERCLAIM

Defendant-Counterclaimant Central States, Southeast and Southwest Areas Pension Fund ("Central States" or the "Pension Fund"), states as follows for its Counterclaim against Plaintiffs-Counterdefendants, CenTra, Inc. and the Detroit International Bridge Company:

### JURISDICTION AND VENUE

1.      This is an action to enforce, vacate or modify certain arbitration awards entered pursuant to Section 4221 of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. § 1401.

2.      This Court has jurisdiction over this action under sections 4221(b)(2) and 4301(c) of ERISA, 29 U.S.C. §§ 1401(b)(2) and 1451(c).

3.      Venue lies in this Court under sections 502(e)(2), 4221(b)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2), 1401(b)(2) and 1451(d) in that the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

4.     Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).  Plaintiff Howard McDougall is one of the present trustees of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10).  The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois  60018.

5.     Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

6.     Defendant CenTra, Inc. ("CenTra") is a Delaware corporation with its principal place of business located in the State of Michigan.

7.     Defendant Detroit International Bridge Company, ("DIBC") is a Michigan corporation with its principal place of business located in the State of Michigan.

8.     CenTra, DIBC and all other trades or businesses under common control with them (the "CenTra Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1303 (b)(1), and the regulations promulgated thereunder.

9.     The CenTra Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

**CLAIM FOR RELIEF**

10.    Defendant DIBC was subject to one or more collective bargaining agreements, executed between itself and Teamsters Local Union No. 299, under which DIBC was required to make contributions to the Pension Fund on behalf of certain of its employees.   Various other subsidiaries or affiliates of CenTra were also subject to collective bargaining agreements requiring contributions to the Pension Fund.

11.    The Pension Fund determined that on or about November 23, 1997, DIBC permanently ceased to have an obligation to contribute to the Pension Fund.

12.    The Pension Fund determined that after November 23, 1997 no member of the CenTra Controlled Group had an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383.

13.    As a result of this complete withdrawal, the Pension Fund determined that the CenTra Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $14,761,082.66, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

14.    By letter dated June 5, 1998 the Pension Fund sent to the CenTra Controlled Group a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1).   The notice and attached invoice notified the CenTra Controlled Group that it was required to discharge its liability in monthly payments.

15.    By letter dated September 1, 1998, the CenTra Controlled Group requested, pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), that the Pension

Fund review its withdrawal liability determination.

16.     On or about December 22, 1998, the CenTra Controlled Group received the Pension Fund's response to its review request in which the Pension Fund rejected the CenTra Controlled Group's request.  The Pension Fund's response to the request for review also asserted that even if the CenTra Controlled Group were not to be found liable under the principal demand and theory of the Pension Fund, it should be liable under an alternative theory pursuant to section 4212(c) of ERISA, 29 U.S.C. § 1392(c), because the CenTra Controlled Group had entered into certain transactions with the evasion or avoidance of withdrawal liability as one of its principal purposes.

17.     The CenTra Controlled Group initiated arbitration concerning this withdrawal liability assessment by filing a demand for arbitration with the American Arbitration Association ("AAA") pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1) (AAA Case No. 51 621 00068 99).

18.     On or about April 28, 2000 the Pension Fund filed a proof of claim in the bankruptcy proceeding of U.S. Truck Company Holdings, Inc. ("U.S. Truck") asserting as a contingent or alternative claim that U.S. Truck Company and its subsidiaries were under common control with CenTra and DIBC within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1383 (b)(1), and the regulations promulgated thereunder, if (as asserted in the contingent or alternative claim) certain transactions were to be determined to have been entered into with the evasion or avoidance of withdrawal liability as one of their principal purposes pursuant to 29 U.S.C. § 1392(c).  Under this "evade or avoid" contingent or alternative proof of claim, each member of the CenTra Controlled Group and U.S. Truck

and its subsidiaries were asserted to be liable, jointly and severally, for $15,534,280.07 in withdrawal liability to the Pension Fund.  (The "Evade or Avoid Alternative Theory and Demand.")

19.    On or before July 27, 2000, the CenTra Controlled Group, including Defendants CenTra and DIBC, had actual notice of the contingent or alternative ("evade or avoid") proof of claim filed in the U.S. Truck bankruptcy.  On January 22, 2001, CenTra and DIBC filed an arbitration demand concerning the Evade or Avoid Alternative Theory and Demand by the Pension Fund (AAA No. 51 621 00022 01).  CenTra and DIBC subsequently agreed that this arbitration proceeding should be consolidated with AAA Case No. 51 621 00068 99 referenced in ¶ 17 above.

20.    The arbitration hearing in this matter was held pursuant to the Multi-employer Pension Plan Rules of the AAA before Arbitrator Richard I. Bloch between October 9, 2006 and November 6, 2006.

21.    On October 10, 2007, the Arbitrator issued his Opinion and Award granting in part and denying in part the CenTra Controlled Group's challenge to the Pension Fund's withdrawal liability assessment against the CenTra Controlled Group (the "Opinion and Award"). (A copy of the Opinion and Award is attached hereto as Exhibit A.)

22.    In the Opinion and Award, the Arbitrator held that several transactions involving a merger and limited asset transfers by the CenTra Controlled Group occurring in 1995 and 1996 (the "1995-1996 Transactions") constituted a "change of corporate structure" within the meaning of Section 4218 of ERISA, 29 U.S.C. § 1398, and that these transactions absolved the CenTra Controlled Group of most of its responsibility for the

share of the Pension Fund's unfunded vested benefit liability that would otherwise be allocated to the CenTra Controlled Group under ERISA (the "Section 4218 Ruling").

23.     In the Opinion and Award, the Arbitrator also ruled upon the Pension Fund's Evade or Avoid Alternative Theory and Demand.  He rejected that Alternative Theory and Demand and ruled that none of the CenTra Controlled Group's 1995-96 Transactions should be disregarded as "evade or avoid" transactions, pursuant to 29 U.S.C. § 1392(c) (the "Evade or Avoid Ruling").

24.     In the Opinion and Award, the Arbitrator found that the Pension Fund properly determined that the CenTra Controlled Group incurred a complete withdrawal from the Pension Fund in 1997 (the "Date of Withdrawal Ruling").

25.     In the Opinion and Award, the Arbitrator found that the actuarial assumptions and methods applied by the Pension Fund when computing the amount of the withdrawal liability assessment issued to the CenTra Controlled Group were not unreasonable in the aggregate (the "Actuarial Ruling").

26.     On November 7, 2007, CenTra filed this action to enforce the Opinion and Award.

27.     On November 8, 2007, the Pension Fund filed suit to enforce, vacate or modify the Opinion and Award with respect to the Section 4218 Ruling and the Evade or Avoid Ruling and to enforce the Opinion and Award with respect to the Date of Withdrawal Ruling and the Actuarial Ruling (Case No. 07 C 6348).

28.     On November 28, 2007, the Pension Fund filed its Answer in this action which Answer included a Counterclaim to vacate, modify or enforce the Opinion and Award

that re-asserted the claims contained in the Pension Fund's own action.

29.     The action filed by the Pension Fund was consolidated with this action and on January 23, 2008 the Pension Fund's action was dismissed as duplicative.

30.     By letter dated November 16, 2007, CenTra and DIBC requested the Arbitrator to issue one or more supplementary awards concerning the amount of the revised assessment, the calculation of interest and to award CenTra its attorneys fees and costs.

31.     On February 12, 2008, the Arbitrator issued his Supplementary Decision. (A copy of the Supplementary Decision is attached hereto as Exhibit B.)

32.     The Supplementary Decision held that "There is no cause for an award of costs or attorneys fees" and further held that CenTra and DIBC "are entitled to overpayments on the revised settlement of $959,332 plus interest as required under 29 C.F.R. § 4219.31(d)."

33.     The Supplementary Decision is an "award" with the meaning of 29 U.S.C. § 1401 and 29 C.F.R. § 4221.8.

34.     Both the Opinion and Award and the Supplementary Decision holding that CenTra and DIBC "are entitled to overpayments" are erroneous as a matter of law and rely upon findings of fact which are clearly erroneous and not supported by substantial evidence.

35.     The Court should vacate both the Opinion and Award and the Supplementary Decision with regard to the ruling on the legal effect of the CenTra Controlled Group's 1995-96 Transactions described in ¶ 22 above (the Section 4218 Ruling), and uphold the

Pension Fund's assessment against the CenTra Controlled Group under the Pension Fund's principal demand in the amount of $14,761,082.66.

36.     If the Court vacates both the Opinion and Award and the Supplementary Decision with regard to the ruling on the legal effect of the CenTra Controlled Group's 1995-96 Transactions described in ¶ 22 above (the Section 4218 Ruling), and upholds the Pension Fund's assessment against the CenTra Controlled Group in the amount of $14,761,082.66, the Arbitrator's decision to reject the Pension Fund's Evade or Avoid Alternative Theory and Demand will become moot.

37.     However, if it is necessary to reach the Pension Fund's Evade or Avoid Alternative Theory and Demand, both the Opinion and Award and the Supplementary Decision concerning the Pension Fund's Evade or Avoid Alternative Theory and Demand are erroneous as a matter of law and rely upon findings of fact which are clearly erroneous and not supported by substantial evidence.

38.     In the alternative, this Court should vacate or modify both the Opinion and Award and the Supplementary Decision with regard to the Arbitrator's conclusions concerning the Evade or Avoid Alternative Theory and Demand, and uphold the Pension Fund's alternative assessment of withdrawal liability in the amount of $15,534,280.07 under the Evade or Avoid Alternative Theory and Demand, subject to any appropriate set-offs.

39.     The Opinion and Award and the Supplementary Decision should be enforced with respect to the Date of Withdrawal Ruling  and Actuarial Ruling.

40.     The Supplementary Decision should be enforced as to the ruling denying

CenTra's claim for attorneys fees and costs.

**WHEREFORE**, Plaintiffs request the following relief:

a.      A judgment against the Defendant, and on behalf of Plaintiffs:

      i.      vacating or modifying the Opinion and Award and the Supplementary Decision and upholding the Pension Fund's assessment of withdrawal liability against the CenTra Controlled Group in the amount of $14,761,082.66; or

      ii.      in the alternative, vacating or modifying the Opinion and Award and the Supplementary Decision with regard to the Arbitrator's conclusions concerning the Evade or Avoid Alternative Theory and Demand, and upholding the Pension Fund's assessment of withdrawal liability in the amount of $15,534,280.07 under the Evade or Avoid Alternative Theory and Demand, subject to any appropriate set-offs;

      iii.      enforcing the Opinion and Award and the Supplementary Decision with respect to the Date fo Withdrawal Ruling and the Actuarial Ruling;

      iv.      enforcing the Supplementary Decision with respect to the denial of attorney's fees and costs;

      v.      awarding the Pension Fund its attorney's fees and costs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

b.      That this Court retain jurisdiction of this cause pending compliance with its

F:255791 / 07420036 / 3/12/08                    -15-

orders; and

c.    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

 s/ Thomas M. Weithers
Thomas M. Weithers (ARDC #6193004)
Attorney for Defendant Central States, Southeast and Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
March 12, 2008                          847/518-9800, Ext. 3476

## CERTIFICATE OF SERVICE

I, Thomas M. Weithers, one of the attorneys for Defendant-Counterclaimant Central States, Southeast and Southwest Areas Pension Fund, certify that on the 12th day of March, 2008, I caused the foregoing Central States' Answer to Plaintiffs' Amended Complaint to Enforce Arbitration Award and Amended Counterclaim to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

/s/ Thomas M. Weithers
Thomas M. Weithers
(ARDC #6193004)

F: 225895 / 07111819 / 3/12/08