# Exhibit B

In the Matter of the Arbitration Between:

CENTRA, INC. and
DETROIT INTERNATIONAL
BRIDGE COMPANY,
        Petitioners,

  and                                   AAA Case No. 51 621 00068 99
                                            Assessment No. 1388250-WL981053-01

CENTRAL STATES, SOUTHEAST
AND SOUTHWEST AREAS
PENSION FUND,
        Respondent,

Before Richard I. Bloch, Esq.

## SUPPLEMENTARY DECISION

Facts

An award in the above-entitled matter was issued October 10, 2007, directing the parties to recalculate the withdrawal liability assessment in a manner consistent with the premises of the Award. The parties agree the assessment should be $959,332.[1] The Fund, however, calculates the principal amount owed as $14,014,142.[2] CenTra says that amount should be $14,020,007, the difference being a dispute as to the propriety of the Fund's charge of $5,865 in billing fees. The parties also differ as to the calculation of interest and the award of attorney fees and costs. Moreover, the Fund says CenTra's application is untimely.[3]

---

[1] See Nov. 7, 2007 letter from Condon to Casciari.
[2] Id, Ex. 2, final page.
[3] On Nov. 16, 2007, CenTra requested the Arbitrator to require the Fund to refund $14,020,007 to CenTra, plus appropriate interest.

Citing 29 C.F.R. §4221.9(a), the Fund maintains CenTra should have filed within 20 days after the Award's issuance. Petitioner's November 16th letter falls outside that window, it is claimed, and CenTra's request for a modification of the Award must therefore be considered untimely.

The Arbitrator rejects the Fund's claims concerning time limits. Among other things, there is no reason to conclude Petitioner's request somehow amounts to their seeking "modification of an award."[4] In the October 10, 2007 Award, the Arbitrator remanded the matter to the parties for purposes of recalculating the withdrawal liability assessment. To be sure, there was no specific reference in that sentence to concepts of interest calculation. The overall intent of the Award, however, was to remand remedial issues to the parties, including appropriate interest that should attach to the principal amount. And, the final sentence of the Award specifically states: "The Arbitrator will retain jurisdiction to resolve disputes arising in the course of implementing this Award." Petitioners properly invoked the retained jurisdiction of the Arbitrator to resolve questions concerning these disputes that have, in fact, arisen in the course of implementing the Award.

CenTra claims that, in addition to ruling that the Fund improperly attempted to retain $5,865 in billing fees, the Arbitrator should rule that:

---

[4] Nov. 26 letter, page 1.

CenTra, Inc. and Central States
AAA Case No. 51 621 00068 99
Page 3

1. The amount of interest owed to CenTra must be calculated through the date of payment by the Fund to CenTra in accordance with the Fund's "rules and regulations pertaining to employer withdrawal liability (July 23, 1997)" ("interest rules")[5];

2. Under the interest rules, the proper interest rate is the prime interest rate established by the Chase Manhattan Bank for the fifteenth (15th) day of the month in which the interest is charged plus two percent (2%) compounded annually; and

3. Under the Interest Rules, because CenTra has obtained an award in its favor, CenTra is entitled to a doubling of interest.

The Fund, for its part, urges that the Arbitrator confine any award on interest to an order "to refund to Petitioners all amounts paid in excess of $959,332, plus interest as required under 29 C.F.R. §4219.31(d)."

The conclusion is that, as concerns the scope and nature of the interest awarded, the Fund is on firm ground in requesting the more restricted ruling. The record in this case, both in the hearings and in the subsequent briefs, including the most recent ones, provides no definitive evidence or arguments on interest calculations. Moreover, any such judgment at this time would be an interim calculation only, given the current posture of the case in litigation. Questions surrounding the appropriate methodology, including the question of whether "double interest" is appropriate, and whether interest is compounded annually, may be raised in district court. Similarly, questions concerning the propriety of the "billing fees" are properly reserved for that forum.

---

[5] See Jt. Ex. 37.

CenTra, Inc. and Central States
AAA Case No. 51 621 00068 99
Page 4

The Arbitrator rejects Petitioner's request for attorney fees. 29 C.F.R. § 4221.10 states attorney fees may be awarded against a party that "contests an arbitration in bad faith or engages in dilatory, harassing or other improper conduct...." There is no finding in this case of such conduct. This was a vigorously litigated case with points on both sides that could be argued with a straight face. There is no cause for an award of costs or attorney fees.

## AWARD

In view of the parties' inability to resolve certain disputes arising in the course of implementing this Award, the Arbitrator concludes Petitioners are entitled to overpayments on the revised settlement of $959,332 plus interest as required under 29 C.F.R. § 4219.31(d).

_____
Richard I. Bloch, Esq.

February 12, 2008