IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRA, INC. and DETROIT INTERNATIONAL BRIDGE COMPANY, <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, <br><br> Defendant-Counterplaintiff. | Case No.  07 C 6312 <br><br> Judge Hart <br><br> Magistrate Judge Schenkier |

## ANSWER TO AMENDED COUNTERCLAIM

Plaintiffs-Counterdefendants, CenTra, Inc. and Detroit International Bridge Company (hereinafter "Plaintiffs"), by and through their attorneys and for their Answer to the Amended Counterclaim in this action, state as follows:

### JURISDICTION AND VENUE

**PARAGRAPH NO. 1:**

This is an action to enforce, vacate or modify certain arbitration awards entered pursuant to Section 4221 of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. § 1401.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 1, except that they admit that they have commenced an action to enforce arbitration awards, and that defendants have filed an amended counterclaim to vacate or modify arbitration awards.

**PARAGRAPH NO. 2:**

This Court has jurisdiction over this action under sections 4221(b)(2) and 4301(c) of ERISA, 29 U.S.C. §§ 1401(b)(2) and 1451(c).

**ANSWER:**

Plaintiffs admit the allegations in paragraph 2. Stating further, this Court also has jurisdiction under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and under 28 U.S.C. §§ 1331, 1337.

**PARAGRAPH NO. 3:**

Venue lies in this Court under sections 502(e)(2), 4221(b)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2), 1401(b)(2) and 1451(d) in that the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business in Rosemont, Illinois.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 3.

**PARTIES**

**PARAGRAPH NO. 4:**

Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3). Plaintiff Howard McDougall is one of the present trustees of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 4, except that they admit that Counterplaintiff is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), administered at 9377 West Higgins Road, Rosemont, Illinois 60018, and that Counterplaintiff's trustees collectively are the plan sponsor of Counterplaintiff within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). Plaintiffs lack information sufficient to form a belief as to whether Howard McDougall is one of the trustees of Counterplaintiff.

**PARAGRAPH NO. 5:**

Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 5, except that they admit that the trustees are authorized to assert the Court's jurisdiction over the Amended Counterclaim by virtue of Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1).

**PARAGRAPH NO. 6:**

Defendant CenTra, Inc. ("CenTra") is a Delaware corporation with its principal place of business located in the State of Michigan.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 6.

**PARAGRAPH NO. 7:**

Defendant Detroit International Bridge Company, ("DIBC") is a Michigan corporation with its principal place of business located in the State of Michigan.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 7.

**PARAGRAPH NO. 8:**

CenTra, DIBC and all other trades or businesses under common control with them (the "CenTra Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1303 (b)(1), and the regulations promulgated thereunder.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 8, except that they admit that Plaintiffs are under common control within the meaning of 29 U.S.C. § 1301 (b)(1), and the regulations promulgated thereunder.

3

**PARAGRAPH NO. 9:**

The CenTra Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 9, except that they admit that the CenTra Controlled Group, as it existed on any given date, was the "employer" as of that date for purposes of any relevant withdrawal liability determinations under Title IV of ERISA.

**PARAGRAPH NO. 10:**

Defendant DIBC was subject to one or more collective bargaining agreements, executed between itself and Teamsters Local Union No. 299, under which DIBC was required to make contributions to the Pension Fund on behalf of certain of its employees. Various other subsidiaries or affiliates of CenTra were also subject to collective bargaining agreements requiring contributions to the Pension Fund.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 10, except that they admit that, through January 3, 1998, DIBC was subject to one or more collective bargaining agreements, executed between itself and Teamsters Local Union No. 299, under which DIBC was required to make contributions to the Pension Fund on behalf of certain of its employees, and that, prior to 1997, the CenTra Controlled Group included other members subject to collective bargaining agreements requiring contributions to the Pension Fund on behalf of certain employees.

**PARAGRAPH NO. 11:**

The Pension Fund determined that on or about November 23, 1997, DIBC permanently ceased to have an obligation to contribute to the Pension Fund.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 11.

**PARAGRAPH NO. 12:**

The Pension Fund determined that after November 23, 1997 no member of the CenTra Controlled Group had an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 12.

**PARAGRAPH NO. 13:**

As a result of this complete withdrawal, the Pension Fund determined that the CenTra Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $14,761,082.66, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

**ANSWER:**

Plaintiffs deny the stated liability and the allegations in paragraph 13, except that they admit that the Pension Fund assessed withdrawal liability against CenTra and DIBC in an assessment issued under ERISA Section 4201(b), 29 U.S.C. §1381(b), and that the contents of the assessment speak for themselves.

**PARAGRAPH NO. 14:**

By letter dated June 5, 1998 the Pension Fund sent to the CenTra Controlled Group a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1). The notice and attached invoice notified the CenTra Controlled Group that it was required to discharge its liability in monthly payments.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 14, except that they admit that, by letter dated June 5, 1998 the Pension Fund sent to the CenTra Controlled Group a notice and demand for payment of withdrawal liability issued by the Pension Fund, and that the contents of such letter speak for themselves.

**PARAGRAPH NO. 15:**

By letter dated September 1, 1998, the CenTra Controlled Group requested, pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), that the Pension Fund review its withdrawal liability determination.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 15.

**PARAGRAPH NO. 16:**

On or about December 22, 1998, the CenTra Controlled Group received the Pension Fund's response to its review request in which the Pension Fund rejected the CenTra Controlled Group's request. The Pension Fund's response to the request for review also asserted that even if the CenTra Controlled Group were not to be found liable under the principal demand and theory of the Pension Fund, it should be liable under an alternative theory pursuant to section 4212(c) of ERISA, 29 U.S.C. § 1392(c), because the CenTra Controlled Group had entered into certain transactions with the evasion or avoidance of withdrawal liability as one of its principal purposes.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 16, including the allegation that the Pension Fund's assertion under section 4212(c) of ERISA, 29 U.S.C. § 1392(c), was permissible under ERISA or otherwise. For the reasons stated in the arbitration awards and in the record of the arbitration proceeding, that assertion was substantively and procedurally invalid under ERISA and other applicable law. Plaintiffs admit only that the Pension Fund sent to the CenTra Controlled Group a response to its request for review on or about December 22, 1998, the contents of which are set forth in that response and speak for themselves.

**PARAGRAPH NO. 17:**

The CenTra Controlled Group initiated arbitration concerning this withdrawal liability assessment by filing a demand for arbitration with the American Arbitration Association ("AAA") pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1) (AAA Case No. 51 621 00068 99).

**ANSWER:**

      Plaintiffs admit the allegations in paragraph 17.

**PARAGRAPH NO. 18:**

      On or about April 28, 2000 the Pension Fund filed a proof of claim in the bankruptcy proceeding of U.S. Truck Company Holdings, Inc. ("U.S. Truck") asserting as a contingent or alternative claim that U.S. Truck Company and its subsidiaries were under common control with CenTra and DIBC within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1383 (b)(1), and the regulations promulgated thereunder, if (as asserted in the contingent or alternative claim) certain transactions were to be determined to have been entered into with the evasion or avoidance of withdrawal liability as one of their principal purposes pursuant to 29 U.S.C. § 1392(c). Under this "evade or avoid" contingent or alternative proof of claim, each member of the CenTra Controlled Group and U.S. Truck and its subsidiaries were asserted to be liable, jointly and severally, for $15,534,280.07 in withdrawal liability to the Pension Fund. (The "Evade or Avoid Alternative Theory and Demand.")

**ANSWER:**

      Plaintiffs deny the allegations in paragraph 18, including the allegation that 29 U.S.C. § 1383 (b)(1) has anything to do with common control and deny the substance of the assertions made in paragraph 18. Plaintiffs admit only that, on or about April 28, 2000, the Pension Fund filed a proof of claim in the U.S. Truck bankruptcy proceeding, the contents of which are set forth in that proof of claim and speak for themselves.

**PARAGRAPH NO. 19:**

      On or before July 27, 2000, the CenTra Controlled Group, including Defendants CenTra and DIBC, had actual notice of the contingent or alternative ("evade or avoid") proof of claim filed in the U.S. Truck bankruptcy. On January 22, 2001, CenTra and DIBC filed an arbitration demand concerning the Evade or Avoid Alternative Theory and Demand by the Pension Fund (AAA No. 51 621 00022 01). CenTra and DIBC subsequently agreed that this arbitration proceeding should be consolidated with AAA Case No. 51 621 00068 99 referenced in ¶ 17 above.

**ANSWER:**

      Plaintiffs deny the allegations in paragraph 19, including that the proof of claim was a notice and demand for payment of withdrawal liability issued by the Pension Fund in

accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1), and that Plaintiffs agreed that the two noted arbitration proceedings should be consolidated at the time of the commencement of, during, or after the October 2006 hearing before Arbitrator Bloch.  Plaintiffs admit only that, on or before July 27, 2000, the CenTra Controlled Group had notice of the Pension Fund proof of claim filed in the U.S. Truck bankruptcy proceeding, and that on January 22, 2001, CenTra and DIBC filed an arbitration demand denominated AAA No. 51 621 00022 01, the contents of which documents are set forth in those documents and speak for themselves.

**PARAGRAPH NO. 20:**

The arbitration hearing in this matter was held pursuant to the Multi-employer Pension Plan Rules of the AAA before Arbitrator Richard I. Bloch between October 9, 2006 and November 6, 2006.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 20, and state that the Federal Rules of Evidence, PBGC rules, and Pension Fund rules also governed the proceeding.

**PARAGRAPH NO. 21:**

On October 10, 2007, the Arbitrator issued his Opinion and Award granting in part and denying in part the CenTra Controlled Group's challenge to the Pension Fund's withdrawal liability assessment against the CenTra Controlled Group (the "Opinion and Award").  (A copy of the Opinion and Award is attached hereto as Exhibit A.)

**ANSWER:**

Plaintiffs admit the allegations in paragraph 21.

**PARAGRAPH NO. 22:**

In the Opinion and Award, the Arbitrator held that several transactions involving a merger and limited asset transfers by the CenTra Controlled Group occurring in 1995 and 1996 (the "1995-1996 Transactions") constituted a "change of corporate structure" within the meaning of Section 4218 of ERISA, 29 U.S.C. § 1398, and that these transactions absolved the CenTra Controlled Group of most of its responsibility for the share of the Pension Fund's

8

unfunded vested benefit liability that would otherwise be allocated to the CenTra Controlled Group under ERISA (the "Section 4218 Ruling").

**ANSWER:**

Plaintiffs deny the allegations in paragraph 22, except that they admit that the Arbitrator held in his Initial Award that transactions occurring in 1995 and 1996 were changes in corporate structure within the meaning of Section 4218 of ERISA, 29 U.S.C. § 1398.

**PARAGRAPH NO. 23:**

In the Opinion and Award, the Arbitrator also ruled upon the Pension Fund's Evade or Avoid Alternative Theory and Demand. He rejected that Alternative Theory and Demand and ruled that none of the CenTra Controlled Group's 1995-96 Transactions should be disregarded as "evade or avoid" transactions, pursuant to 29 U.S.C. § 1392(c) (the "Evade or Avoid Ruling").

**ANSWER:**

Plaintiffs admit the allegations in paragraph 23, except that they deny that the Arbitrator labeled any aspect of his Initial Award the "Evade or Avoid Ruling."

**PARAGRAPH NO. 24:**

In the Opinion and Award, the Arbitrator found that the Pension Fund properly determined that the CenTra Controlled Group incurred a complete withdrawal from the Pension Fund in 1997 (the "Date of Withdrawal Ruling").

**ANSWER:**

Plaintiffs admit the allegations in paragraph 24.

**PARAGRAPH NO. 25:**

In the Opinion and Award, the Arbitrator found that the actuarial assumptions and methods applied by the Pension Fund when computing the amount of the withdrawal liability assessment issued to the CenTra Controlled Group were not unreasonable in the aggregate (the "Actuarial Ruling").

**ANSWER:**

Plaintiffs deny the allegations in paragraph 25.

**PARAGRAPH NO. 26:**

On November 7, 2007, CenTra filed this action to enforce the Opinion and Award.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 26.

**PARAGRAPH NO. 27:**

On November 8, 2007, the Pension Fund filed suit to enforce, vacate or modify the Opinion and Award with respect to the Section 4218 Ruling and the Evade or Avoid Ruling and to enforce the Opinion and Award with respect to the Date of Withdrawal Ruling and the Actuarial Ruling (Case No. 07 C 6348).

**ANSWER:**

Plaintiffs deny the allegations in paragraph 27, except that they admit that Defendant

commenced an action (Case No. 07 C 6348) to enforce the Initial Award as to date of

withdrawal and asset valuation issues.

**PARAGRAPH NO. 28:**

On November 28, 2007, the Pension Fund filed its Answer in this action which Answer included a Counterclaim to vacate, modify or enforce the Opinion and Award that re-asserted the claims contained in the Pension Fund's own action.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 28.

**PARAGRAPH NO. 29:**

The action filed by the Pension Fund was consolidated with this action and on January 23, 2008 the Pension Fund's action was dismissed as duplicative.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 29.

**PARAGRAPH NO. 30:**

By letter dated November 16, 2007, CenTra and DIBC requested the Arbitrator to issue one or more supplementary awards concerning the amount of the revised assessment, the calculation of interest and to award CenTra its attorneys fees and costs.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 30.

**PARAGRAPH NO. 31:**

On February 12, 2008, the Arbitrator issued his Supplementary Decision. (A copy of the Supplementary Decision is attached hereto as Exhibit B.)

**ANSWER:**

Plaintiffs admit the allegations in paragraph 31.

**PARAGRAPH NO. 32:**

The Supplementary Decision held that "There is no cause for an award of costs or attorneys fees" and further held that CenTra and DIBC "are entitled to overpayments on the revised settlement of $959,332 plus interest as required under 29 C.F.R. § 4219.31(d)."

**ANSWER:**

Plaintiffs admit that, among other statements, the Supplementary Decision included the quoted language in paragraph 32, but deny that paragraph 32 includes all the statements made by the Arbitrator in the Supplementary Award.

**PARAGRAPH NO. 33:**

The Supplementary Decision is an "award" with the meaning of 29 U.S.C. § 1401 and 29 C.F.R. § 4221.8.

**ANSWER:**

Plaintiffs admit the allegations in paragraph 33.

**PARAGRAPH NO. 34:**

Both the Opinion and Award and the Supplementary Decision holding that CenTra and DIBC "are entitled to overpayments" are erroneous as a matter of law and rely upon findings of fact which are clearly erroneous and not supported by substantial evidence.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 34.

**PARAGRAPH NO. 35:**

The Court should vacate both the Opinion and Award and the Supplementary Decision with regard to the ruling on the legal effect of the CenTra Controlled Group's 1995-96 Transactions described in ¶ 22 above (the Section 4218 Ruling), and uphold the Pension Fund's assessment against the CenTra Controlled Group under the Pension Fund's principal demand in the amount of $14,761,082.66.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 35.

**PARAGRAPH NO. 36:**

If the Court vacates both the Opinion and Award and the Supplementary Decision with regard to the ruling on the legal effect of the CenTra Controlled Group's 1995-96 Transactions described in ¶ 22 above (the Section 4218 Ruling), and upholds the Pension Fund's assessment against the CenTra Controlled Group in the amount of $14,761,082.66, the Arbitrator's decision to reject the Pension Fund's Evade or Avoid Alternative Theory and Demand will become moot.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 36.

**PARAGRAPH NO. 37:**

However, if it is necessary to reach the Pension Fund's Evade or Avoid Alternative Theory and Demand, both the Opinion and Award and the Supplementary Decision concerning the Pension Fund's Evade or Avoid Alternative Theory and Demand are erroneous as a matter of law and rely upon findings of fact which are clearly erroneous and not supported by substantial evidence.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 37.

**PARAGRAPH NO. 38:**

In the alternative, this Court should vacate or modify both the Opinion and Award and the Supplementary Decision with regard to the Arbitrator's conclusions concerning the Evade or Avoid Alternative Theory and Demand, and uphold the Pension Fund's alternative

assessment of withdrawal liability in the amount of $15,534,280.07 under the Evade or Avoid Alternative Theory and Demand, subject to any appropriate setoffs.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 38.

**PARAGRAPH NO. 39:**

The Opinion and Award and the Supplementary Decision should be enforced with respect to the Date of Withdrawal Ruling and Actuarial Ruling.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 39, except that they admit that the Initial Award should be enforced as to the Arbitrator's date of withdrawal and asset valuation rulings.

**PARAGRAPH NO. 40:**

The Supplementary Decision should be enforced as to the ruling denying CenTra's claim for attorneys fees and costs.

**ANSWER:**

Plaintiffs deny the allegations in paragraph 40, except that they admit that the Arbitrator's ruling as to attorney's fees and costs incurred prior to the commencement of this action should be enforced.

**AFFIRMATIVE DEFENSE**

The Amended Counterclaim is barred by Arbitration and Award, namely the October 10, 2007 Award of Arbitrator Bloch and/or the February 12, 2008 Supplementary Decision.

>                              Respectfully submitted,
>
>                              CENTRA, INC. and DETROIT
>                              INTERNATIONAL BRIDGE COMPANY
>
>
>                              By:   s/       Colin M. Connor
>                                      One of Its Attorneys

| | |
|---|---|
| Mark Casciari | Richard K. Willard |
| Ronald J. Kramer | Edward R. Mackiewicz |
| Colin M. Connor | Eric G. Serron |
| SEYFARTH SHAW LLP | Patrick S. Menasco |
| 131 South Dearborn Street | STEPTOE & JOHNSON LLP |
| Suite 2400 | 1330 Connecticut Avenue, NW |
| Chicago, Illinois 60603 | Washington, DC  20036 |
| (312) 460-5000 | (202) 429-3000 |

**DATED:  March 26, 2008**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he electronically filed the foregoing ANSWER TO AMENDED COUNTERCLAIM with the clerk of the Court using the CM/ECF system, on this 26th day of March, 2008, which will send notification of such filing to the following counsel of record:

James P. Condon
Thomas M. Weithers
Central States, Southeast and
   Southwest Areas Pension Fund
10th Floor
9377 W. Higgins Road
Rosemont, IL 60018-5123

Richard Lee Fenton
Frank P. VanderPloeg
Geoffrey J. Repo
Sonnenschein, Nath & Rosenthal, LLP
233 South Wacker Drive
Sears Tower
Chicago, IL 60606

    /s/    Colin Connor
             Colin Connor