IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRA, INC. and DETROIT INTERNATIONAL BRIDGE COMPANY,<br><br>           Plaintiffs,<br><br>           v.<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,<br><br>           Defendant. | Case No. 07-C-6312<br><br>Judge William T. Hart<br><br>Magistrate Judge Schenkier |

**PLAINTIFFS CENTRA, INC. AND DETROIT
INTERNATIONAL BRIDGE COMPANY'S
<u>MOTION TO ENFORCE ARBITRATION AWARD</u>**

Plaintiffs CenTra, Inc. and Detroit International Bridge Company (collectively as "CenTra") hereby move the Court pursuant to 29 U.S.C. Sections 1401(b)(2) and 1451 to enforce the Arbitration Award entered in this matter on October 10, 2007, and the Arbitrator's Supplementary Decision entered on February 12, 2008, both made pursuant to 29 U.S.C. Section 1401(a), as follows:

CenTra asks the Court to enforce the Award and Supplementary Decision issued by the Arbitrator in this matter on October 10, 2007, and February 12, 2008, respectively, upholding the Arbitrator's determination of CenTra's withdrawal liability "in the amount of $959,332 plus interest as required under 29 C.F.R. § 4219.31(d)," thereby requiring a refund of $14,014,192 to

CenTra, plus interest from July 1, 1998, the date of CenTra's first payment under protest, calculated as described below and to award CenTra and DIBC their reasonable attorneys' fees and costs under 29 U.S.C. Section 1451(e). For the reasons set forth in CenTra, Inc. and Detroit International Bridge Company's Brief in Support of Its Motion to Enforce the Arbitration Award (CenTra's "Brief in Support"), the Arbitrator properly determined the facts at issue and properly applied those facts to the law, under 29 U.S.C. Section 1392.

Pursuant to 29 C.F.R. Section 4219(d) and for the reasons set forth in CenTra's Brief in Support, CenTra asks the Court to calculate interest on the amount to be refunded to CenTra according to the Central States, Southeast and Southwest Areas Pension Fund's ("Fund" or "Central States") Rules and Regulations Pertaining to Withdrawal Liability, effective July 24, 1997 (the "Interest Rules"). The Fund's Interest Rules set the rate of interest at the prime interest rate established by Chase Manhattan Bank on the 15th day of the month in which the interest is charged plus two (2) percent, compounded annually. The Interest Rules also call for a doubling of interest owed to CenTra, having obtained an award in its favor. Interest is due from the date on which CenTra overpaid the assessed liability under protest on July 1, 1998, until the overpayment is refunded, with interest.

Finally, CenTra asks the Court for an award of CenTra's costs and expenses incurred in connection with this action, including reasonable attorneys' fees under 29 U.S.C. § 1451(e). For the reasons set forth in its Brief in Support, CenTra should prevail in this action, as it did before the Arbitrator, and, therefore, such costs and fees are warranted under § 1451.

**WHEREFORE,** for the reasons set forth in Plaintiffs' Brief in Support of their Motion to Enforce the Arbitration Award, CenTra respectfully requests that the Court enter judgment in its favor and against Defendant and Counterclaimant Central States, in the manner set forth herein.

        Respectfully submitted,

        CENTRA, INC. AND DETROIT
        INTERNATIONAL
        BRIDGE COMPANY


        By:    /s/ Edward R. Mackiewicz_____
               One of Their Attorneys

Dated: June 16, 2008

Mark Casciari
Ronald J. Kramer
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, IL  60603-5577
312-460-5000

Richard K. Willard
Edward R. Mackiewicz
Eric G. Serron
Patrick S. Menasco
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
202-429-3000